UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧

**In re:**
**MIRON BUILDING PRODUCTS CO., INC.,**

       **Debtor-Appellant.**

      **-v-**              5:04-CV-792

**CRANESVILLE BLOCK CO., INC.,**

       **Creditor-Respondent.**

✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧

Nolan & Heller, LLP
Justin A. Heller, Esq., of Counsel
39 North Pearl Street
Albany, New York 12203
Attorneys for Debtor-Appellant
Miron Building Products Co., Inc.

Breakell Law Firm P.C.
Walter G. Breakell, Esq., of Counsel
10 Airline Drive
Albany, New York 12205
Attorneys for Creditor-Respondent
Cranesville Block Co., Inc.

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

   Debtor-appellant Miron Building Products Co., Inc. ("Debtor") appeals (Dkt. No. 1) from an order (Bankruptcy Dkt. No. 753) of Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge, granting a motion (Bankruptcy Dkt. Nos. 581, 583) by creditor-respondent Cranesville Block Co., Inc. ("Cranesville") pursuant to the Bankruptcy Code, 11 U.S.C. §§ 503 and 507. The Debtor also appeals from Judge Littlefield's order (Bankruptcy Dkt. No. 768) denying its motion (Bankruptcy Dkt. No. 755) for reconsideration of the prior order. This Court affirms both orders.

   Briefly, the background of the present appeal is as follows. Prior to the Debtor's filing of

its Chapter 11 petition, Cranesville purchased from the Debtor property known as the "Kingston Property." In connection with the transaction, the Debtor agreed to indemnify Cranesville for the costs of environmental spill remediation associated with the property.

Post-petition, Cranesville purchased from the Debtor another property, the "Liberty Property," for substantial monetary consideration. As part of the consideration for this transaction, the Debtor reaffirmed its obligation to indemnify Cranesville for the costs of remediation of the Kingston Property.

Cranesville sought administrative priority under sections 503 and 507 for its remediation claim. Judge Littlefield allowed Cranesville an administrative priority claim for $68,008.91 for reimbursement of remediation costs incurred by Cranesville for the Kingston Property. Judge Littlefield further allowed the establishment of, and gave administrative priority status to, an escrow of $80,800 to fund future remediation costs for the Kingston Property.

On the reconsideration motion and on this appeal, the Debtor contends that the record presents questions of fact and that therefore Judge Littlefield erred in fixing the amount of the administrative claim and the escrow without a hearing. This Court reviews Judge Littlefield's factual findings under the "clearly erroneous" standard of review. *See* Fed. R. Bankr. P. 8013. On this record, including the affidavit of John A. Tesiero III and the attachments thereto (Bankruptcy Dkt. No. 581), the Court finds that Cranesville has established its entitlement to the sum awarded and that there is no material question of fact. There is no "clear error."

The Debtor further contends that Judge Littlefield erred in allowing administrative priority status to Cranesville's claim under sections 503 and 507. Under these provisions of the Bankruptcy Code, the "[a]ctual, necessary costs and expenses of preserving debtor's estate," 11

U.S.C. § 503(b)(1)(A), constitute "administrative expenses" entitled to priority status upon distribution of the estate. 11 U.S.C. § 507(a)(2). This Court reviews Judge Littlefield's conclusions of law under the *de novo* standard. *See In re BuddyUSA, Inc*., 2007 WL 949655, *2 (N.D.N.Y.) (citing *In re Ionosphere Clubs, Inc*., 922 F.2d 984, 988-89 (2d Cir. 1990)).

Cranesville demonstrated that the Debtor's ratification of the indemnification obligation for remediation costs associated with the Kingston Property induced Cranesville to purchase the Liberty Property post-petition for substantial monetary consideration, thus benefitting the Debtor and the estate. Moreover, there is evidence from New York State and the Department of Environmental Conservation that Cranesville's expenditure of remediation funds reduced the Debtor's liability under New York law and caused the State to curtail its enforcement action against the Debtor, further benefitting the Debtor and the estate. The Court agrees with Judge Littlefield's excellent analysis of the issue and his determination that Cranesville is entitled to administrative priority status for its claim of $68,008.91 and the escrow of $80,800. The Court rejects the legal arguments raised by the Debtor.

It is therefore

ORDERED that the appeal (Dkt. No. 1) is denied; and it is further

ORDERED that the Orders (Bankruptcy Dkt. Nos. 753, 768) appealed from are affirmed.

IT IS SO ORDERED.

July 19, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge